NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
SIMON F. KUNG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6265 / Fax: 702.388.6418
simon.kung@usdoj.gov
*Attorneys for the United States*

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

            FEB 10 2021

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS LEE THAYER,<br><br>Defendant. | **CRIMINAL INDICTMENT**<br><br>Case No. 2:21-cr-53<br><br>**VIOLATIONS:**<br><br>Wire Fraud (18 U.S.C. § 1343)<br><br>Mail Fraud (18 U.S.C. § 1341)<br><br>FORFEITURE ALLEGATION |

**THE GRAND JURY CHARGES THAT:**

## THE SCHEME TO DEFRAUD

1. Beginning at least as early as October 2015 and continuing until at least July 18, 2016, in the State and Federal District of Nevada,

**DOUGLAS LEE THAYER ("THAYER"),**

defendant herein, and others known and unknown to the grand jury participated in and devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

2. The purpose of the scheme to defraud was to fraudulently obtain money from clients of U.S. Adult Adoption Services Inc. ("USAAS"). USAAS purported to offer its clients U.S. citizenship by arranging for the clients to be adopted by U.S. citizens.

3. The objects of the scheme to defraud was carried out, in substance, as follows:

   a. During the course of his scheme, THAYER served as the Executive Director of USAAS.

   b. The scheme was in substance that THAYER and others known and unknown to the grand jury fraudulently represented to clients that, by being adopted as adults by citizens of the United States, they would obtain new birth certificates, and subsequently, obtain United States citizenship for themselves.

   c. It was a part of the scheme that THAYER and others known and unknown to the grand jury falsely represented to clients that previous clients had obtained citizenship through the services offered by USAAS.

   d. It was a part of the scheme that THAYER and others known and unknown to the grand jury also falsely represented to clients that an insurance policy was in place such that they would get refunds if they did not become United States citizens.

   e. It was a part of the scheme that THAYER and others known and unknown to the grand jury charged each client an upfront payment, typically between $5,000 and $20,000, for USAAS's services. The clients made these payments in such forms as cash, personal checks, cashier's checks, and money orders. Through the course of his scheme, THAYER and others used the material misrepresentations above to receive at least $1,018,337.83 in payments from USAAS customers.

f. It was a part of the scheme that THAYER and others known and unknown to the grand jury communicated with clients using email to send and receive forms related to the adoption petitions USAAS promised to file on behalf of the clients.

g. On or about February 11, 2016, the Department of Justice publicly announced charges against the Chief Executive Officer of Americans Helping America, an entity in Sacramento, California that purported to provide unlawfully present aliens with citizenship through the adult adoption process.

h. It was a part of the scheme that THAYER caused letters ("the Closure Letters") to be mailed from the District of Nevada to USAAS clients at their home residence on or about February 16, 2016, for the purposes of lulling clients into a false sense of security that they would receive a substantial refund of their payment to USAAS and postpone their potential complaints to authorities. In that letter, THAYER falsely claimed that USAAS "has decided the clients deserved not just a conditional refund, but a more substantial refund of their payment toward adult adoptions. To accomplish this goal, [USAAS] has ordered a full and complete accounting by a Certified Public Accountant."

i. It was a part of the scheme that, between at least April 13, 2016, and June 20, 2016, THAYER caused USAAS to mail letters ("the Refund Letters") and refund checks from the District of Nevada to their clients' home addresses. These letters and checks were sent for the purpose of lulling clients into believing that THAYER's conduct was not illegal and allowing THAYER to keep the proceeds of his fraudulent scheme.

j. These refund checks were partial refunds that, contrary to the representations in the Closure Letters, were not based on a full and complete accounting by a Certified Public Accountant and represented a fraction of what the client had originally paid in exchange for an agreement purporting to waive all legal claims against USAAS and

its principals and agents, including THAYER. THAYER offered these refunds by causing USAAS to mail refund checks from the District of Nevada to the client's home address. The back of these checks contained the following statement: "Negotiation of this instrument constitutes a knowing, intelligent and voluntary waiver and release of any and all claims against U.S. Adult Adoption [sic] Services, it's [sic] principals and agents."

      k.    The letters falsely claimed that USAAS's services were legitimate, but that THAYER decided to "shut down the company" because "fight[ing] the Federal Government to force them to issue birth certificates on the Adult Adoptions already granted by Nevada and Louisiana State Courts" "could result in the harassment, investigation, prosecution and subsequent deportation of [USAAS] clients." The letters also falsely claimed that "[h]ad [USAAS] obtained birth certificates, we could have applied for and received a new social security number, state I.D., and subsequent U.S. Passport, as had been done in the past."

    4.    In furtherance of the scheme to defraud, THAYER and others known and unknown to the grand jury committed the following acts:

      a.    On or about December 1, 2015, THAYER and others caused client-victim M.G. to pay $5,000 to USAAS. On or about April 13, 2016, THAYER caused USAAS to mail a check in the amount of $290 from Nevada to M.G. in California as a purported refund.

      b.    On or about December 2, 2015, THAYER and others caused client-victim F.J. to pay $10,500 in cash to USAAS. On or about April 13, 2016, THAYER caused USAAS to mail a check to F.J. in the amount of $490 as a purported refund.

      c.    On or about December 3, 2015, THAYER and others caused client-victim Z.Q. to pay $12,000 to USAAS. On or about April 16, 2016, THAYER caused

USAAS to mail a check in the amount of $1,200 from Nevada to Z.Q. in California as a purported refund.

   d.   On or about December 21, 2015, THAYER and others caused client-victim J.G. to pay $12,000 to USAAS. On or about April 13, 2016, THAYER caused USAAS to mail a check in the amount of $2,190 from Nevada to J.G. in California as a purported refund.

   e.   On or about January 2, 2016, THAYER and others caused client-victim J.C. to pay $20,000 to USAAS. On or about April 18, 2016, THAYER caused USAAS to mail a check in the amount of $1,200 from Nevada to J.C. in California as a purported refund.

   f.   On or about January 9, 2016, THAYER and others caused client-victim Q.C. to pay $15,000 to USAAS. On or about April 18, 2016, THAYER caused USAAS to mail a check in the amount of $1,200 from Nevada to Q.C. in California as a purported refund.

   g.   On or about January 9, 2016, THAYER and others caused client-victim Z.Z. to pay $15,000 to USAAS. On or about April 18, 2016, THAYER caused USAAS to mail a check in the amount of $1,200 from Nevada to Z.Z. in California as a purported refund.

   h.   On or about February 9, 2016, THAYER and others caused client-victim L.Z. to pay $13,000 to USAAS. On or about April 13, 2016, THAYER caused USAAS to mail a check in the amount of $3,600 from Nevada to L.Z. in California as a purported refund.

   i.   On or about February 10, 2016, THAYER and others caused client-victim B.S. to pay $13,000 to USAAS. On or about April 14, 2016, THAYER caused

USAAS to mail a check in the amount of $4,060 from Nevada to B.S. in California as a purported refund.

## COUNT ONE
*Wire Fraud*
(18 U.S.C. § 1343)

5. Paragraphs One through Four above are hereby re-alleged and incorporated by reference as if fully set forth here.

6. On or about February 10, 2016, within the State and Federal District of Nevada and elsewhere,

**DOUGLAS LEE THAYER,**

defendant herein, and others known and unknown to the grand jury, aiding and abetting one another, for the purpose of executing the above scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described as a wire transfer of $13,000 from a Bank of America account in California to a Wells Fargo account in Nevada, associated with the deposit of a check from victim B.S., all in violation of Title 18, United States Code, Section 1343.

## COUNTS TWO TO SEVEN
*Mail Fraud*
(18 U.S.C. § 1341)

7. Paragraphs One through Four above are hereby re-alleged and incorporated by reference as if fully set forth here.

8. On or about the dates below, within the State and Federal District of Nevada and elsewhere,

**DOUGLAS LEE THAYER,**

defendant herein, and others known and unknown to the grand jury, aiding and abetting one another, for the purpose of executing the above scheme, and attempting to do so,

caused the items below to be sent and delivered from within the District of Nevada, by mail and private and commercial interstate carrier, each mailing constituting a separate violation of 18 U.S.C. § 1341:

| COUNT | DATE | RECIPIENT | MAILING |
|---|---|---|---|
| TWO | 2/16/16 | L.Z. | Closure Letter from USAAS |
| THREE | 2/16/16 | Q.C. | Closure Letter from USAAS |
| FOUR | 2/16/16 | Z.Z. | Closure Letter from USAAS |
| FIVE | 4/15/16 | L.Z. | Refund Letter and Check from USAAS |
| SIX | 4/18/16 | Q.C. | Refund Letter apnd Check from USAAS |
| SEVEN | 4/18/16 | Z.Z. | Refund Letter and Check from USAAS |

## FORFEITURE ALLEGATION
*Wire Fraud and Mail Fraud*

9. The allegations contained in Counts One through Seven of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

10. Upon conviction of any of the felony offenses charged in Counts One through Seven of this Criminal Indictment,

**DOUGLAS LEE THAYER,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343, specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(B), or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment including, but not limited to, at least $1,018,337.83 (property).

11. If any property being subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant –

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

12. All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 1341; 18 U.S.C. § 1343; and 21 U.S.C. § 853(p).

DATED this 10th day of February, 2021.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

NICHOLAS A. TRUTANICH
United States Attorney

By_____
SIMON F. KUNG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

8